IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


NIKOLA G.,[1]                                    No. 3:18-cv-01493-HZ

        Plaintiff,                          OPINION & ORDER

   v.

COMMISSIONER, Social Security
Administration,

        Defendant.


HERNÁNDEZ, District Judge:

    Plaintiff brings this action for judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). Because the Administrative Law Judge (ALJ) failed to meet the Commissioner's

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for non-governmental party's immediate family members.

1 - OPINION & ORDER

step five burden, and the Appeals Council erred in rejecting medical opinion testimony, the Court REVERSES the Commissioner's decision and REMANDS this case for further administrative proceedings.

## BACKGROUND

Plaintiff was born on January 24, 1980 and was thirty-four years old on February 14, 2014, the alleged disability onset date. Tr. 21.[2] Plaintiff has at least a high school education and has no past relevant work. Tr. 21. Plaintiff claims she is disabled based on conditions including scoliosis with back pain. Tr. 14, 157.

Plaintiff filed her application for benefits on February 18, 2014. The application was denied initially on February 27, 2015, and upon reconsideration on May 19, 2015. Tr. 11. A hearing was held before Administrative Law Judge Robert F. Campbell on January 3, 2017. Tr. 30–48. ALJ Campbell issued a written decision on February 13, 2017, finding that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 26. The Appeals Council granted review and issued a decision on June 12, 2018, adopting the ALJ's findings and concluding that Plaintiff was not disabled under the Act. Tr. 1–6.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

---

[2] Citations to "Tr." refer to the administrative trial record filed here as ECF No. 12.

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application filing date. Tr. 13.

At step two, the ALJ determined that Plaintiff had "the following severe impairments: adolescent scoliosis with back pain and no neurologic deficit or significant progress in

deformity." Tr. 14. The ALJ determined that Plaintiff's restless leg syndrome, sleep disturbance, fatty liver, and tobacco abuse were not severe impairments. Tr. 14.

At step three, the ALJ determined that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 16.

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> The claimant is able to lift and/or carry ten pounds occasionally and up to ten pounds frequently. She is able to sit for about six hours and stand and/or walk for about two hours each in an eight-hour workday. She is able to perform work limited to occasional balancing, stooping, kneeling, crouching, crawling, and the climbing of ramps or stairs. She is never able to climb ladders, ropes, or scaffolds. She should avoid even moderate exposure to hazards, such as moving machinery and unprotected heights. She needs to alternate between sitting and standing about every thirty minutes, but the change in position is brief and she could remain productive at work station.

Tr. 16.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 21.

At step five, the ALJ relied on the testimony of a vocational expert to find that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 21. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 22.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

## DISCUSSION

Plaintiff raises two issues on appeal. She argues the ALJ erred by (1) "improperly rejecting the opinion of a consultative examiner" and (2) "making step five findings unsupported by substantial evidence." Pl. Br. 4.

### I. Medical Opinion Testimony

Plaintiff argues the ALJ erred by improperly rejecting the opinion of an examining physician. Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. *Id.*; 20 C.F.R. § 404.1527(c)(1)-(2). More weight is also given to an examining physician than to a nonexamining physician. *Garrison*, 759 F.3d at 1012. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing *specific and legitimate* reasons that are supported by substantial evidence." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007)).

Here, Dr. Brigitte Engelhardt completed a Musculoskeletal Consultative Examination on February 10, 2015. Tr. 241–46. Dr. Engelhardt opined that Plaintiff would be limited in her manipulative abilities, noting in relevant part that Plaintiff could only "occasionally reach overhead and forward." Tr. 245. The ALJ accepted this opinion, writing that "[g]iving the claimant the benefit of the doubt, I have included Dr. Engelhardt's reaching limitation in the residual functional capacity despite very little treatment evidence to support it." However, the ALJ failed to include the limitation in the RFC. Tr. 16–20. In reviewing the ALJ's decision, the Appeals Council acknowledged this discrepancy, but concluded that the RFC was correct and no manipulative limitations were warranted. Tr. 5. The Appeals Council reasoned that:

> Multiple examinations show no limitation on reaching (Exhibit 4F, pp. 25, 29). The claimant reported that she was able to perform many activities requiring reaching, such as lifting a gallon of milk, preparing simple meals, washing dishes, washing laundry, and performing self-care (Hearing, 11:12:43AM-11:13:51AM; Exhibit 2F, p. 2).

*Id.*

The Council's conclusion that "[m]ultiple examinations show no limitation on reaching" is not supported by substantial evidence. The cited examinations appear to reference only a "normal range of movement" in Plaintiff's shoulders, without any further connection to "reaching" generally. While the basis of Dr. Engelhardt's opinion on this issue is unclear—she wrote simply that "[t]his limitation is due to the above outlined reasons"—Dr. Engelhardt herself noted that Plaintiff had a normal range of movement in her shoulders, and made no reference to any other shoulder related issues. She did, however, document back pain and scoliosis. Tr. 241, 244–45. Plaintiff's reports of back pain are well documented throughout the record and plausibly connected to a reaching limitation. *See, e.g.*, tr. 215 (Back pain worsened by "rotation of the body" and relieved by remaining still."). Moreover, even if this normal range of movement

could, somehow, contradict the opined reaching limitation, the Council made no attempt to interpret the basis of Dr. Engelhardt's opinion or offer any explanation to support its position. Thus, the Council erred in rejecting Dr. Engelhardt's opinion for this reason.

The Council's reliance on Plaintiff's activities of daily living is similarly without support.[3] For example, while the Council stated that Plaintiff "was able to perform many activities requiring reaching, such as lifting a gallon of milk," the Court notes that Plaintiff did not, in fact, testify that she could lift a gallon of milk. Rather, when asked whether she could lift ten pounds, she responded:

> A: Um, it's, like, pushing it.
> Q: Okay. Like a gallon of milk if you had to do that?
> A: I usually have to use both hands and kind of
> Q: Okay.

Tr. 40. Again, this statement does not itself contradict a reaching limitation without further explanation or interpretation.

The Council's reliance on Plaintiff's ability to "prepar[e] simple meals, wash[] dishes, wash[] laundry, and perform[] self-care" is also unavailing. The Council provided no explanation for how these activities might contradict the opined reaching limitation. For example, the Council did not indicate what "self-care" entails. The parties' citations to the record only indicate, without further detail, that Plaintiff bathes and dresses herself independently. *See* tr. 242. As to the report that she "cooks simple meals and does dishes and laundry," Plaintiff went on to explain that "she has to rest frequently," her children vacuum and mop, she needs help carrying groceries, and she avoids driving whenever possible. Tr. 242. In other words, her activities are limited to "absolutely necessary household chores," are qualified by frequent breaks, and do not include activities such as vacuuming and mopping that might contradict a

---

[3] The Court notes that an ALJ may discount a plaintiff's testimony when it is inconsistent with her daily activities. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

7 - OPINION & ORDER

reaching limitation. *Id.* The Council therefore erred in relying on Plaintiff's activities of daily living without further explanation.

Because the cited reasons for rejecting Plaintiff's reaching limitation are not supported by substantial evidence, the Council committed reversible error in discrediting Dr. Engelhardt's opinion testimony.

**II.     Step Five Findings**

 "While the claimant has the burden of proof at steps one through four, the burden of proof shifts to the [Commissioner] at step five to show that the claimant can do other kinds of work." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (citations omitted). "The ALJ may pose to a vocational expert a hypothetical incorporating the residual functional capacity determination ("RFC"); the expert then opines on what kind of work someone with the limitations of the claimant could hypothetically do." *Id.* The ALJ must then determine whether, given the plaintiff's RFC, age, education, and work experience, "specific jobs exist[] in substantial numbers in the national economy that [a] claimant can perform despite [her] limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). There is no bright-line rule for determining the number of jobs that qualify as a "significant" or "substantial" number in the national or local economy. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014). However, the Ninth Circuit has stated that an "ALJ's finding that 25,000 national jobs is sufficient presents a close call." *Id.* at 529.

Here, the ALJ found three representative occupations: "charge account clerk" with 1,400 positions in the national economy, "addresser" with 6,600 positions in the national economy, and "wafer breaker" with 657 positions in the national economy. Tr. 22. Together, these three occupations constitute 8,657 jobs in the national economy.

In the absence of binding precedent, and the Ninth Circuit's characterization of 25,000 jobs as a "close call," the Court finds that 8,657 jobs in the national economy does not constitute a significant number of jobs. *See Lisa L. v. Comm'r of Soc. Sec.*, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018) (concluding that "the Court finds that 11,084 jobs does not meet the significant number standard"); *Watkins v. Comm'r Soc. Sec. Admin.*, 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) (finding that "11,000 order caller jobs in the national economy does not represent a significant number"); *Cindy F. v. Berryhill*, 367 F.Supp.3d 1195 (finding that 7,400 jobs in the national economy did not represent a significant number). Accordingly, the ALJ failed to meet the Commissioner's step five burden.

### III. Remand for Benefits/Further Proceedings

The decision whether to remand for further proceedings or for immediate payment of benefits is within the Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency).

As discussed, the ALJ erred in his evaluation of Dr. Engelhardt's reaching limitation. On this record, however, the Court cannot conclude that further proceedings would serve no useful purpose. The ALJ should have the opportunity to evaluate the reaching limitation and resolve any ambiguities as to the source of that limitation. On reconsideration, should Plaintiff's claim be determined at step five, the ALJ must also determine if there are a significant number of other occupations in the national economy that Plaintiff is capable of performing.

## CONCLUSION

The decision of the Commissioner is reversed and remanded for further administrative proceedings.

IT IS SO ORDERED.

Dated this 16 day of November, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge